UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RELMADA THERAPEUTICS, INC., | Case No. 2:15-cv-02338-JCM-CWH |
| Plaintiff, | |
| v. | |
| LAIDLAW & COMPANY (UK) LTD., et al., | **ORDER** |
| Defendants. | |

Presently before the court is Defendants' motion (ECF No. 54) to transfer venue, filed on April 15, 2016. Plaintiff filed a response (ECF No. 63) on May 2, 2016, and Defendants filed a reply (ECF No. 64) on May 12, 2016.

Defendants request that this case be transferred to the Southern District of New York (SDNY) based on what they argue is a valid and applicable forum selection clause between the parties in this case. Defendants also argue that judicial economy and the convenience of the parties and witnesses warrants transfer.

Plaintiff opposes transfer, arguing that the forum selection clause referred to by Defendants does not apply, and that Defendants have not met their burden to show that the convenience of the parties weighs in favor of transfer. Plaintiff also argues that its choice of venue is entitled to paramount consideration, and that Defendants' counterclaim (ECF No. 22) in this case constitutes acceptance of venue in the District of Nevada. Plaintiff further argues that the counterclaim is governed by an existing shareholder agreement between the parties which has its own forum selection clause designating Nevada as the proper venue for the counterclaim.

Both parties agree that a valid forum selection agreement constitutes a waiver of the right to challenge the preselected forum as inconvenient for themselves or their witnesses. (Mot. at 5; Resp. at 7). Further, Plaintiff does not contest the existence of several contracts which contain forum selection clauses designating the SDNY as the proper venue for disputes arising from those

1  contracts. Therefore, the primary issues that the court must resolve are whether Defendants'
2  counterclaim in this case constitutes acceptance of venue in Nevada, and whether Plaintiff's claim
3  arises out of the existing contracts.

4  First, Plaintiff does not cite any authority for its argument that Defendants have consented to
5  venue in Nevada by filing a counterclaim. Such a finding would conflict with previous rulings in
6  this circuit that "the filing of a counterclaim, permissive or otherwise, does not constitute a waiver of
7  a defense of improper venue asserted in an answer." *Hillis v. Heineman*, 626 F.3d 1014, 1018 (9th
8  Cir. 2010). Here, Defendants did not file their motion to change venue with their answer. However,
9  Plaintiff does not cite any authority suggesting that filing a counterclaim ever serves as a waiver of
10 the right to challenge venue. On the contrary, a long-standing Supreme Court ruling holds that
11 Plaintiffs cannot object to the venue of a counterclaim. *Gen. Elec. Co. v. Marvel Rare Metals Co.*,
12 287 U.S. 430 (1932).

13 When faced with a similar situation, at least one court in this Circuit has ruled that a
14 counterclaim may be brought wherever venue is proper, even when a plaintiff's first choice of venue
15 has been denied. *See PETsMART, Inc. v. Lanrus, Inc.*, 1992 WL 275599, at *3 (S.D. Cal. 1992)
16 (relying on *Gen Elec. Co., 287 U.S.*). In *PETsMART*, a plaintiff moved to dismiss a counterclaim
17 after the defendant's motion for change of venue was granted. The court in *PETsMART* rejected the
18 plaintiff's argument that it should not be compelled to entertain a counterclaim in a venue it did not
19 "choose." *PETsMART, Inc.* at *3. The ultimate decision on venue is made by the court, so a
20 plaintiff must litigate both its claims and counterclaims wherever venue is found to be proper. It
21 follows then that a counterclaim does not serve as a waiver of a challenge to venue.

22 Here, Plaintiff originally chose the District of Nevada, but if the court finds that venue is
23 proper in the SDNY, there would be no bar to Defendants' bringing a counterclaim there. Similarly,
24 by bringing a counterclaim against Plaintiff, Defendants have not waived the right to challenge
25 venue.

26 Plaintiff further argues that the SDNY forum selection clauses do not apply to its claims
27 because they are not brought under its contracts with Defendants. In its amended complaint, Plaintiff
28

2

asserts as its first claim a breach of "fiduciary duty arising from the parties' confidential relationship of trust." (Am. Compl., ¶ 54). Plaintiff does not specify on what basis this confidential relationship of trust arose. Defendants argue that the only potential source for a fiduciary duty between the parties are their previous contracts. Absent any other plausible basis, the court finds that to the extent that one exists, the fiduciary duty arises from the parties' aforementioned contracts.

Plaintiff's claim for breach of fiduciary duty may be taken as either a contract claim or a tort. *Woodbury v. United States*, 313 F.2d 291, 295 (9th Cir. 1963). Taken as a claim over the contracts between the parties, the SDNY selection clauses would be applicable. Since Plaintiff disclaims the applicability of the SDNY selection clauses, the court infers that the claim of breach of fiduciary duty is brought as a tort. However, "forum selection clauses can be equally applicable to contractual and tort causes of action." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988). "Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." *Id.* When claims relate in some way to the rights and duties enumerated in a contract, "[t]he claims cannot be adjudicated without analyzing whether the parties were in compliance with the contract." *Id.* In contrast, a "pure" tort claim that is independent of the contract will not be governed by a forum selection clause. *Id.* Here, absent the contracts, there is no evidence of a fiduciary duty. Further, the only way to determine whether or not Defendants are in breach of their fiduciary duty will be to examine and interpret the contracts which delineate the scope of that duty. The contracts to be considered contain the SDNY forum-selection clauses. Therefore, the clauses are applicable even though Plaintiff may bring this action as a tort.

When such clauses are valid and applicable, "the plaintiff's choice of forum merits no weight, and the plaintiff, as the party defying the forum selection clause, has the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013). "[A] valid forum-selection clause is given controlling weight in all but the most exceptional cases." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988).

Given that the forum selection clauses are applicable, the only remaining argument from

Plaintiff against transfer is that efficiency and judicial economy would be better served by hearing the case in Nevada.  Plaintiff's arguments as to this point are not without merit, but are roughly balanced by Defendants' arguments to the contrary.  The court finds no exceptional circumstances that would warrant abrogation of a valid and applicable forum selection clause between the parties.

IT IS THEREFORE ORDERED that Defendants' motion (ECF No. 54) to transfer venue is GRANTED.  The Clerk of Court is directed to transfer this case to the Southern District of New York.

IT IS FURTHER ORDERED that all pending motions in this case are DENIED without prejudice to their reassertion in the transferee forum.

DATED: September 29, 2016.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge